SLIP OPINION

Cite as 2014 Ark. App. 510

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-428

| | |
|---|---|
| REGINALD AVANT<br><br>APPELLANT<br><br><br>V.<br><br><br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br><br>APPELLEE | **Opinion Delivered** October 1, 2014<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>EIGHTH DIVISION<br>[NO. JV-2012-1937]<br><br>HONORABLE WILEY A. BRANTON,<br>JR., JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**JOHN MAUZY PITTMAN, Judge**

This is an appeal from an order terminating the parental rights of appellant, Reginald Avant, to the minor children, S.A. and I.O. Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief details all adverse rulings made at the termination hearing and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to appellant, informing him that he had the right to file pro se points for reversal under Ark. Sup. Ct. R. 6-9(i)(3). Appellant filed a response consisting essentially of a request for more services and more time to effect reunification, matters adequately covered in his attorney's brief.

The record shows that the children were taken into protective custody after being found unsupervised and very dirty in the middle of a busy street. Services were offered and partially completed. Appellant is in his late 50s, has spent over twenty years in prison for murder and robbery, and was imprisoned facing drug charges at the time of the termination hearing. He testified that he was a drug addict and was seeking rehabilitation; he did not know how long rehabilitation would take or how long his children would be required to wait before he could resolve his criminal charges, complete rehabilitation, and obtain a residence for himself and the children. Dr. Paul Deyoub, who conducted appellant's mental examination, wrote that appellant had a borderline IQ of 79 and that, given his history of being unable to protect the children when he had the chance to do so, his drug use, his history with the mother, and his need to himself learn how to live independently, the children's future in his custody would likely be "very ominous." Based on this evidence, the fact that the children had tested positive for drugs, and that appellant was incarcerated and yet to be sentenced, it was found that appellant had subjected the children to aggravated circumstances and that, because of factors arising subsequent to the filing of the dependency-neglect petition, return of the children to appellant would be contrary to their best interests.

Based on our examination of the record and the briefs presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit petitions in termination cases, and we hold that the appeal is wholly without merit.

2

SLIP OPINION

Consequently, we grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Affirmed; motion to withdraw granted.

WALMSLEY and HIXSON, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.